IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENZO LIFE SCIENCES, INC.<br><br>    **Plaintiff,**<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY; BECTON DICKINSON DIAGNOSTICS INC.; and GENEOHM SCIENCES, INC.<br><br>    **Defendants.** | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Enzo Life Sciences, Inc. ("Enzo"), for its Complaint against Defendants Becton, Dickinson and Company ("Becton"), Becton Dickinson Diagnostics Inc. ("BD Diagnostics"), and GeneOhm Sciences, Inc. ("GeneOhm") (collectively "Becton Dickinson"), hereby alleges as follows:

### PARTIES

1. Plaintiff Enzo is a New York corporation with its principal place of business at 10 Executive Boulevard, Farmingdale, NY 11735.

2. Defendant Becton is a New Jersey corporation with its principal place of business at 1 Becton Drive, Franklin Lakes, NJ 07417.

3. Defendant BD Diagnostics is a Delaware corporation with its principal place of business at 11085 North Torrey Pines Road, Suite 210, La Jolla, CA 92037.

4. Defendant GeneOhm is a Delaware corporation with its principal place of business at 1 Becton Drive, Franklin Lakes, NJ 07417.

1

## NATURE OF THE ACTION

5. This is a civil action for infringement of United States Patent No. 6,992,180 ("the '180 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Becton Dickinson because, among other things, Becton Dickinson has committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to Enzo. Moreover, BD Diagnostics and GeneOhm are Delaware corporations which, having availed themselves of Delaware's corporate laws, are subject to personal jurisdiction in Delaware.

8. This Court also has personal jurisdiction over Becton Dickinson because, among other things, Becton Dickinson has established minimum contacts within the forum such that the exercise of jurisdiction over Becton Dickinson will not offend traditional notions of fair play and substantial justice. Moreover, Becton Dickinson has placed products that practice the claimed inventions of the '180 Patent into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this District. Becton Dickinson has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the '180 Patent.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patent-In-Suit

10. United States Patent No. 6,992,180, entitled "Oligo- Or Polynucleotides Comprising Phosphate-Moiety Labeled Nucleotides," was duly and legally issued by the United States Patent and Trademark Office on January 31, 2006. A copy of the '180 Patent is attached hereto as Exhibit A.

11.  Enzo is the assignee of the '180 Patent and has the right to sue and recover damages for any current or past infringement of the '180 Patent.

## COUNT I

### Infringement Of The '180 Patent

12.  Paragraphs 1 through 11 are incorporated by reference as if fully stated herein.

13.  Becton Dickinson, either alone or in conjunction with others, has infringed and continues to infringe, one or more claims of the '180 Patent under 35 U.S.C. § 271, either literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States certain nucleic acid probe products, including without limitation products involving molecular beacon probes and Scorpions® probes, for example and without limitation, BD GeneOhm™ StaphSR assays and BD MAX™ GBS assays.

14.  Enzo has been and continues to be damaged by Becton Dickinson's infringement of the '180 Patent.

15.  Becton Dickinson's conduct in infringing the '180 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Enzo respectfully requests that this Court enter judgment against Becton Dickinson as follows:

A.  That Becton Dickinson has infringed the '180 Patent;

B.  That Enzo be awarded damages adequate to compensate it for Becton Dickinson's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Enzo for Becton Dickinson's infringement, an accounting;

C.  That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285;

D. A preliminary and permanent injunction preventing Becton Dickinson, and those in active concert or participation with Becton Dickinson, from directly infringing the '180 Patent;

E. A judgment requiring that, in the event a permanent injunction preventing future acts of infringement is not granted, Enzo be awarded a compulsory ongoing licensing fee; and

F. That Enzo be awarded such other and further relief at law or equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Enzo hereby demands a trial by jury on all claims and issues so triable.

Dated: March 6, 2012

Respectfully submitted,

FARNAN LLP

/s/Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Plaintiff*

*Of Counsel:*
John M. Desmarais
Michael P. Stadnick
Xiao Li
Joseph C. Akalski
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com
xli@desmaraisllp.com
jakalski@desmaraisllp.com